

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL MENDEZ,<br><br>     Petitioner,<br><br>     v.<br><br>T. FELKER, Warden,<br><br>     Respondent. | NO. CV 06-7810-GPS (AGR)<br><br>ORDER ADOPTING<br>MAGISTRATE JUDGE'S<br>REPORT AND<br>RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file *de novo*, including the Petition, the Magistrate Judge's Report and Recommendation, the Objections to the Report and Recommendation, and all of the pleadings and records. Having made a *de novo* determination, the Court agrees with the recommendation of the Magistrate Judge.

In his Objections, Petitioner challenges the Report and Recommendation on the basis of the procedural default doctrine. (Objections at 1-2.) However, the basis of Respondent's motion to dismiss was the statute of limitations under 28 U.S.C. § 2244(d), not the doctrine of procedural default. Therefore, the cases cited by Petitioner and their reasoning do not apply. For example, Petitioner cites to *Bennett v. Mueller*, 322 F.3d 573 (9th Cir.), *cert. denied*, 540 U.S. 938 (2003).

(Objections at 4.) However, in *Bennett*, the respondent "brought a motion to dismiss for procedural default." *Id.* at 579. Thus, the issue of whether Bennett's petition was time-barred was not before the district court or the Ninth Circuit.

Petitioner also argues that *Thorson v. Palmer*, 479 F.3d 643 (9th Cir. 2007), does not apply because *Thorson* involved a 13-month delay in the filing of a state habeas petition, whereas the intervals between Petitioner's state habeas filings were shorter. (Objections at 3 n.1.) Thorson filed his habeas petition in the California Court of Appeal more than 13 months after the Superior Court denied his first state habeas petition. *Thorson*, 479 F.3d at 644. However, the 13-month period was merely a possible basis for the California Supreme Court declaring the state petition to be untimely. *Id.* at 645 ("We agree with the district court that it is most likely that the period deemed excessive by the California Supreme Court was the thirteen-month-plus period"). But, as *Thorson* holds, the California Supreme Court's *basis* for finding a petition untimely is irrelevant. *Id.* at 646 ("We need not be concerned by any ambiguity in the California Supreme Court's order, however, because it cannot affect our conclusion."). What matters is the *fact* that the California Supreme Court found the petition untimely. *Id.* ("Under *Pace*, if a state court denies a petition as untimely, none of the time before or during the court's consideration of that petition is statutorily tolled.") (citation and internal quotation marks omitted); *see also Allen v. Siebert*, 128 S. Ct. 2, 4, 169 L. Ed. 2d 329 (2007) ("Because Siebert's petition for state postconviction relief was rejected as untimely by the Alabama courts, it was not 'properly filed' under § 2244(d)(2).").

///
///
///
///
///

1 | IT IS ORDERED that Judgment be entered denying the Petition and
2 | dismissing this action with prejudice.

DATED: 1/14/08

GEORGE P. SCHIAVELLI
United States District Judge

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL MENDEZ,<br>　　　　　Petitioner,<br>　　　v.<br>T. FELKER, Warden,<br>　　　　　Respondent. | NO. CV 06-7810-GPS (AGR)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

　　　The Court submits this Report and Recommendation to the Honorable George P. Schiavelli, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends the Petition for Writ of Habeas Corpus be denied.

///
///
///
///
///
///

# I.

## **SUMMARY OF PROCEEDINGS**

On October 5, 1990, Petitioner pled guilty in the Los Angeles County Superior Court to second-degree murder and admitted that a principal was armed with a firearm. (Petition at 2; Answer at 1.) On July 19, 1991, the court sentenced Petitioner to 16 years to life. (Petition at 2.) On August 24, 1993, the California Court of Appeal reversed in part and remanded the matter to the superior court to afford Petitioner an opportunity to withdraw his plea. (Lodged Document ("LD") 4 at 19.) On March 23, 1994, Petitioner again entered into a plea agreement and received the same sentence. (Supplemental Brief to Writ of Habeas Corpus ("Supp. Brief") at 2.)

On September 30, 2005, Petitioner filed a petition for writ of habeas corpus in the Los Angeles Superior Court, which denied it on the same day. (LD 14.) On November 10, 2005, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, which denied it on November 17, 2005. (LD 15, 16.) On January 13, 2006, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which denied it on October 11, 2006, citing to *In re Clark*, 5 Cal. 4th 75 (1993) and *In re Robbins*, 18 Cal. 4th 770, 780 (1998). (LD 17, 18.)

On December 8, 2006, pursuant to 28 U.S.C. § 2254, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody in this Court in which he raised three grounds: (1) the State violated the plea agreement; (2) his counsel was ineffective in failing to prevent a "faulty" plea agreement; and (3) Petitioner did not waive the right to appeal. On December 12, 2006, the Court issued an order to show cause why the petition should not be dismissed as untimely. On January 19, 2007, Petitioner filed a response to the OSC ("Response"). On June 8, 2007, Respondent filed an answer. On July 19, 2007, Petitioner filed a reply.

On August 31, 2007, the Court ordered Petitioner to file a supplemental brief identifying what the State did to breach the plea agreement and the date(s) on which any breach(es) occurred. The Court also ordered Respondent to lodge a transcript of the March 23, 1994, plea hearing and gave leave to Respondent to file a supplemental brief in response to Petitioner's supplemental brief.

On September 21, 2007, Respondent filed a response to the Court's August 31 order indicating that the March 23, 1994, plea hearing transcript was no longer available and could not be recreated. On October 25, 2007, Petitioner filed a supplemental brief. On November 9, 2007, Respondent filed a supplemental answer.

This matter was taken under submission and is now ready for decision.

## II.

## STATUTE OF LIMITATIONS

The petition was filed after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies AEDPA in its review of this action.[1] *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). In the context of grounds involving the alleged breach of a plea agreement, the one-year period begins running on the date the inmate contends the State breached the plea agreement. *Murphy v. Espinoza*, 401 F. Supp. 2d 1048, 1052 (C.D. Cal. 2005) (statute of limitations begins to run on date petitioner claimed State breached plea agreement); *Daniels v. Kane*, 2006 WL 1305209, *1 (N.D. Cal. 2006) (statute of limitations begins to run on "the date a petitioner knew or should have known that a breach occurred").

---

[1] Petitioner's argument that AEDPA does not apply to him is wrong. (Response at 5.) Petitioner's citation to *Brown v. Poole*, 337 F.3d 1155 (9th Cir. 2003) does not support his argument. *Brown*, applying AEDPA, held that the petition before it was not time-barred because it was statutorily tolled. *Id.* at 1158-59.

3

Petitioner contends that the 1994 plea agreement was breached in two ways:

    (1) Petitioner was not sent for a 90-day diagnostic to the California Youth Authority. The breach occurred no later than June 21, 1994, 90 days after March 23, 1994, the effective date of the plea agreement. (Supp. Brief at 4, 7.)

    (2) Petitioner's counsel and the prosecutor failed to correct the error in the plea agreement regarding the maximum time Petitioner was to "serve" on parole. This breach occurred on March 23, 1994. (*Id.* at 7.)

Thus, Petitioner was aware of the alleged breaches of the plea agreement no later than June 21, 1994. Because Petitioner's conviction was final prior to the enactment of AEDPA, Petitioner had until April 24, 1997, to file a federal habeas petition. *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003).

The statute of limitations is statutorily tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, Petitioner is not entitled to statutory tolling because he did not file his first state habeas petition until September 30, 2005 (LD 14), more than eight years after the limitations period had already expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"), *cert. denied*, 540 U.S. 924 (2003).

Therefore, absent equitable tolling,[2] the petition is time-barred. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

---

[2] The Supreme Court has not yet decided whether 28 U.S.C. § 2244(d) allows for equitable tolling. *Lawrence v. Florida*, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007).

4

circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 699 (2005) (citation omitted). "The prisoner must show that the extraordinary circumstances were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citation and internal quotation marks omitted). "Equitable tolling is justified in few cases, though. Indeed, the threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." *Id.* (citation and internal quotation marks omitted).

Petitioner argues he is entitled to equitable tolling for the following reasons:

(1) He was placed in Ad-Seg and transferred between prisons between 1995 and 1999.

(2) He was not aware of the writ of habeas corpus until 2000.

(3) He tried to obtain his court transcripts from one of his attorneys in 2000 and 2002, but counsel never responded to his requests.

(4) He has been investigating facts and law since 2000.

(5) His counsel in a parole hearing informed the Parole Board in 2002 that he could not discuss specifics of Petitioner's case because he had litigation pending.

(6) He tried to obtain additional transcripts in other ways in 2002 and 2003.

(7) His sister tried unsuccessfully to obtain transcripts of his 1994 plea hearing on February 3, 2004.

(8) On April 18, 2005, an attorney named Mark Davis wrote Petitioner about efforts to obtain information on Petitioner's case.

(Response, Mendez Decl., ¶¶ 8-20.)

Petitioner's bases for equitable tolling after 2000 are legally insufficient. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir.2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004) ("lack of transcripts [does] not actually make it

5

impossible" to file a habeas petition); *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) ("[T]he state's alleged refusal here to provide [petitioner] with a complete transcript does not justify equitable tolling"), *cert. denied*, 537 U.S. 1121 (2003); *Fadayiro v. United States*, 30 F. Supp. 2d 772, 779-80 (D.N.J. 1998) (delay in receipt of transcripts does not justify equitable tolling); *United States v. Van Poyck*, 980 F. Supp. 1108, 1110-11 (C.D. Cal. 1997) (equitable tolling not permitted when there is no explanation why transcripts are needed to file habeas petition).

Alternatively, even assuming Petitioner was entitled to equitable tolling for the entire period from April 24, 1996, through April 18, 2005, the petition would still be time-barred. The statute would start to run at the latest on April 19, 2005, as Petitioner makes no claim to equitable tolling after April 18, 2005. With the benefit of equitable tolling, Petitioner *would* be entitled to statutory tolling when he filed his first state habeas petition on September 30, 2005, as the limitations period had not yet expired before he filed his first state habeas petition. As of September 30, 2005, he had used up 164 days of the 365-day limitations period (from April 19 to September 30, 2005). The statute, though, would begin to run again on November 17, 2005, when the Court of Appeal denied his petition. (LD 16.) Petitioner is not entitled to the period when his California Supreme Court petition was pending because the court's order denying the petition cited to page 780 of *In re Robbins*, a clear indication that the petition was untimely. (LD 18.) A petition denied by the California Supreme Court as untimely is "neither 'properly filed' nor 'pending'" for the purpose of statutory tolling. *See Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007). A citation to page 780 of *In re Robbins* is a "clear ruling that [a] petition was untimely." *Id*. Therefore, Petitioner is not entitled to statutory tolling after November 17, 2005, when the California Court of Appeal denied his petition. *Id*. at 646.

6

1 | Accordingly, Petitioner had 201 days remaining in the limitations period
2 | (365-164), which means the statute expired on June 7, 2006.  Petitioner filed his
3 | petition here on December 8, 2006, six months after the expiration of the statute
4 | and is, therefore, time-barred.

## III.

## RECOMMENDATION

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation and (2) directing that judgment be entered denying the petition and dismissing this action with prejudice.

DATED: November 19, 2007

_____
ALICIA G. ROSENBERG
United States Magistrate Judge